**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**KODI LEE TAYLOR,**

      **Plaintiff,**

      v.                                  **CASE NO.  24-3009-JWL**

**LILY SZEWC, et al.,**

      **Defendants.**

**<u>MEMORANDUM AND ORDER TO SHOW CAUSE</u>**

Plaintiff Kodi Lee Taylor is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.  Plaintiff is also given the opportunity to file an amended complaint to cure the deficiencies.

**I.  Nature of the Matter before the Court**

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983.  At the time of filing, Plaintiff was in custody at the Wyandotte County Detention Center in Kansas City, Kansas.  Plaintiff has since been released from custody. (Doc. 8.)  The Court granted Plaintiff leave to proceed in forma pauperis.

Plaintiff alleges that in January 2020, contact was made with Plaintiff via cell phone from Detective Lily Szewc, asking if Plaintiff would be willing to come in and give a recorded statement for Case No. 2020CR0561.  (Doc. 1, at 2.)   Plaintiff alleges that he contacted a lawyer and "implied" his 5th Amendment right.  *Id.*  Seven months later, Plaintiff was charged with two counts of aggravated indecent liberties with a child and bond was set at $100,000.  *Id.*  Plaintiff alleges that on August 18, 2020, KBI charges were filed by Prosecutor Mark Dupree's office

without probable cause. *Id*. On October 21, 2020, a hearing was held for bond reduction and was denied by Judge Renee Henry without good cause. *Id*. Plaintiff posted bond on November 19, 2020, after missing out on 86 days of wages. Plaintiff alleges that a preliminary hearing was held on January 19, 2021, and Plaintiff was bound over on both counts based on perjured testimony. *Id*. A jury trial was held from February 26, 2022, through March 3, 2022, and Plaintiff was found not guilty on both counts in Case No. 2020CR0561. *Id*.

Plaintiff alleges Lily Szewc, a detective, fabricated her affidavit for a warrant application and Plaintiff was illegally arrested. *Id*. at 1. Plaintiff alleges that Marrissa Sterling-Fagan maliciously gave false testimony at trial and over the phone with Detective Szewc. *Id*. at 2. Plaintiff alleges that the Fugitive Task Force of the Unified Government of Kansas City, Kansas, illegally seized and arrested Plaintiff without probable cause. *Id*. at 3. Plaintiff also alleges that the officers arresting him used excessive force by aiming high-powered weapons at him.[1] *Id*.

Plaintiff alleges that the prosecutors, Mark Dupree and Njeri Mwangi, failed to protect Plaintiff's constitutional rights to equal protection, due process, and freedom from illegal search and seizure. *Id*. Plaintiff also alleges that Njeri Mwangi prosecuted Plaintiff with no evidence or due diligence. *Id*.

Plaintiff alleges malicious prosecution, violations of equal protection and due process, false imprisonment, judicial misconduct, and illegal search and seizure. *Id*. at 4–5. Plaintiff names as defendants: Lily Szewc, Detective, Unified Government of Kansas City, Kansas; Njeri Mwangi, Assistant Prosecutor; Mark Dupree, District Attorney; Unified Government of Kansas City, Kansas, Fugitive Task Force; Bonnie Brightwell, Kansas Sunflower House; Marrissa

---

[1] Plaintiff mentions excessive force in the section where he names the Fugitive Task Force as a defendant. He does not mention an excessive force claim under the causes of action section of his Complaint.

Sterling-Fagan; and Jannessa Sterling.   Plaintiff seeks compensatory and punitive damages.  *Id.* at 6.

Plaintiff attaches the docket for his state criminal case and the Affidavit for Application for Warrant submitted by Detective Szewc.  (Doc. 1–1.)  Detective Szewc's affidavit and application is based on information from: the victim's mother, Janessa Sterling; the victim's aunt, Marissa Sterling; and an interview of the victim conducted by Bonnie Brightwell, an Interview Specialist with Sunflower House.  *Id.* at 10–13.  Plaintiff has named Jannessa Sterling, Marrissa Sterling-Fagan, and Bonnie Brightwell as defendants.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true.  *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not

raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in

this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  DISCUSSION

Plaintiff alleges malicious prosecution, violations of equal protection and due process, false imprisonment, judicial misconduct, and illegal search and seizure.  Plaintiff makes bald conclusions that: charges were filed without probable cause; a request for a bond reduction was denied without good cause; a preliminary hearing was based on perjured testimony; Detective Szewc fabricated her affidavit for a warrant application; Marrissa Sterling-Fagan maliciously gave false testimony at trial and over the phone with Detective Szewc; and Plaintiff was illegally seized and arrested without probable cause.  Plaintiff provides no factual support for these allegations.

### A.  False Imprisonment

Plaintiff asserts a claim for false imprisonment.  "To determine whether a claim is for malicious prosecution or false imprisonment, the Tenth Circuit looks to whether the alleged detention occurred before or after the institution of legal process."  *McIntyre v. Unified Gov't of Wyandotte Cty. and Kansas City, Kansas*, 2020 WL 1028303, at *7  (D. Kan. March 3, 2020) (citing *Myers v. Koopman*, 738 F.3d 1190, 1194 (10th Cir. 2013), *as amended on denial of reh'g* (Jan. 8, 2014)).  "If plaintiff's detention occurred before he received legal process, he can assert a claim for false imprisonment."  *Id*. (citing *see Wallace v. Kato*, 549 U.S. 384, 389 (2007) (false imprisonment claim where defendants did not have warrant for plaintiff's arrest)).

However, Plaintiff acknowledges that he was arrested pursuant to an arrest warrant, albeit one that he claims lacked probable cause. A "plaintiff has a viable false imprisonment claim if he alleges that his detention occurred *without legal process*." *Id*. (citing *Wallace,* 549 U.S. at 389). "By contrast, if plaintiff's alleged detention occurred *with legal process*, he can assert a claim for malicious prosecution." *Id*. (citing *Wilkins v. DeReyes*, 528 F.3d 790, 795 (10th Cir. 2008) (malicious prosecution claim where defendants arrested plaintiff with arrest warrant obtained with fabricated evidence and coercive interrogation techniques)). Therefore, Plaintiff does not have a claim for false imprisonment, but he may assert a claim for malicious prosecution. *See id*. (stating that "plaintiff has a viable malicious prosecution claim where he alleged that his detention occurred 'after the institution of legal process,' but that the legal process itself was wrongful") (citing *Myers*, 738 F.3d at 1195 (malicious prosecution claim where plaintiff challenged probable cause determination for arrest warrant)).

### B.  Malicious Prosecution

Plaintiff also asserts a Fourth Amendment claim under § 1983 for malicious prosecution. He alleges that he was arrested, or seized, pursuant to an arrest warrant that lacked probable cause. "If the complaint is that a form of legal process resulted in pretrial detention unsupported by probable cause, then the right allegedly infringed lies in the Fourth Amendment." *Manuel v. City of Joliet, Ill.*, 580 U.S. 357, 360, 367 (2017) ("The Fourth Amendment, this Court has recognized, establishes 'the standards and procedures' governing pretrial detention . . . [a]nd those constitutional protections apply even after the start of 'legal process' in a criminal case— here, that is, after the judge's determination of probable cause.") (citations omitted); *see also Thompson v. Clark*, 596 U.S. 36, 42 (2021) (noting that a Fourth Amendment claim under § 1983 for malicious prosecution is "sometimes referred to as a claim for unreasonable seizure pursuant

to legal process"). "The Fourth Amendment prohibits government officials from detaining a person in the absence of probable cause." *Manuel*, 580 U.S. at 367 (this can occur when legal process itself goes wrong—when, for example, a judge's probable-cause determination is predicated solely on a police officer's false statements).

A § 1983 malicious prosecution claim includes five elements: "(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the arrest, confinement, or prosecution; (4) the defendant acted maliciously; and (5) the plaintiff sustained damages." *Shrum v. Cooke*, 60 F.4th 1304, 1310 (10th Cir. 2023) (emphasis removed) (citation omitted). The Supreme Court has clarified that "a criminal prosecution terminates favorably, for the purposes of a § 1983 malicious prosecution claim, when the prosecution ends without a conviction." *Id.* at 1311 (citing *Thompson v. Clark*, 596 U.S. 36, 142 S. Ct. 1332, 1335 (2022)).

Plaintiff must show that no probable cause supported his arrest, confinement, or prosecution. "[P]robable cause does not require proof beyond a reasonable doubt or even a preponderance of the evidence." *Shed v. Okla. Dep't of Human Servs.*, 729 F. App'x 653, 657 (10th Cir. 2018) (unpublished). "Instead, the relevant question is whether a substantial probability existed that the suspect committed the crime, requiring something more than a bare suspicion." *Id.* (quoting *Kerns v. Bader*, 663 F.3d 1173, 1188 (10th Cir. 2011) (citation and internal quotation marks omitted); *see also Taylor v. Meacham*, 82 F.3d 1556, 1562 (10th Cir. 1996) ("Probable cause for an arrest warrant is established by demonstrating a substantial probability that a crime has been committed and that a specific individual committed the crime.") (internal quotation marks omitted)).

"Even if an officer 'subjectively intended to base the arrest on an offense for which probable cause is lacking,' no Fourth Amendment violation occurs as 'long as the circumstances, viewed objectively, justify the arrest.' " *Horocofsky v. City of Lawrence*, 2022 WL 1421554, at *23 (D. Kan. May 5, 2022) (citing *McKnight v. City of Topeka*, 2020 WL 5747917, at *19 (D. Kan. 2020) (quoting *Quinn v. Young*, 780 F.3d 998, 1006 (10th Cir. 2015)). "[I]t is a Fourth Amendment violation to 'knowingly or recklessly omit from the affidavit information which, if included, would have vitiated probable cause.' " *Id.* (citing *Taylor*, 82 F.3d at 1562 (quoting *Wolford v. Lasater*, 78 F.3d 484, 489 (10th Cir.1996)). If information has been omitted from an affidavit, the court asks "if the affidavit would still have given rise to probable cause for the warrant" with the missing information added. *Id.* (quoting *Steward v. Donges*, 915 F.2d 572, 582 n.13 (10th Cir. 1990)).

"Probable cause is measured by considering whether, 'without the falsified inculpatory evidence, or with the withheld exculpatory evidence, there would be no probable cause for [plaintiff's] continued confinement or prosecution." *Bledsoe v. Carreno*, 53 F.4th 589, 614–15 (10th Cir. 2022) (citation omitted). Plaintiff does not allege that information was omitted, but he alleges that the affidavit for the warrant application was fabricated and witnesses gave false testimony. Plaintiff has failed to describe what information was allegedly fabricated.

Plaintiff states that he was bound over after his preliminary hearing, and argues that it was based on perjured testimony. "The chain of causation is broken by a preliminary hearing 'in which a judge independently listened to testimony, evaluated the credibility of those testifying, reviewed evidence, and concluded that the evidence was sufficient to bind [a defendant] over for trial." *Horocofsky*, 2022 WL 1421554, at *26. Thus, "a preliminary hearing may serve as a

break in the chain of causation even if the original affidavit for arrest otherwise lacks probable cause." *Id.*

The Tenth Circuit observed in *Taylor v. Meacham* that "the chain of causation [in a malicious prosecution action] is broken by an indictment, absent an allegation of pressure or influence exerted by the police officers, or knowing misstatements made by the officers to the prosecutor." *Id.* at *24 (citing *Taylor*, 82 F.3d at 1564 (quoting *Reed v. City of Chicago*, 77 F.3d 1049 (7th Cir. 1996), *see also Barham v. Town of Greybull Wyo.*, 483 F. App'x 506, 509 (10th Cir. 2012) (Where plaintiff failed to allege "any pressure or influence or made any knowing misstatements to the prosecutor, and thus the chain of causation was broken by the prosecutor's decision to file charges as well as by the state court's decision to bind Plaintiff over at the preliminary hearing.")).

Plaintiff gives no details of what the alleged perjured testimony consisted of or who allegedly gave the testimony at the preliminary hearing. "Plaintiff has failed to allege the sort of affirmative falsification of evidence which would keep the chain of causation intact." *Id.* at *26 ("Plaintiff has not shown any of the Individual Defendants caused false or perjured testimony at the preliminary hearing.") (citing *see Pierce v. Gilchrist*, 359 F.3d 1279, 1282, 1292 (10th Cir. 2004) (chain of causation not broken where forensic technician falsely linked defendant to sexual assault while also concealing enzyme test results which would have exonerated him); *Robinson v. Maruffi*, 895 F.2d 649, 653, 655 (10th Cir. 1990) (no break in causation where key witnesses to robbery and murder was coerced into giving false, memorized testimony); *Birdsong v. Unified Gov't of Wyandotte Cnty./Kansas City, Kan.*, 2014 WL 105509, at *5 (D. Kan. 2014) (chain of causation not broken where, among other things, officer "lied under oath" that plaintiff had assaulted him); *Bowling v. United States*, 2009 WL 723226, at *8 (D. Kan. 2009) (police officer

allegedly testified falsely as to statements by plaintiff admitting guilt, while also suppressing evidence plaintiff was beaten by law enforcement)).

Although Plaintiff's not guilty verdict is sufficient to show that the action terminated in his favor, it is not sufficient to show a lack of probable cause. *See Windle v. Indiana*, 2019 WL 6724605, at n.4 (S.D. Ind. Dec. 10, 2019) (noting that not guilty verdict by jury is not dispositive of the false arrest civil claim as "the evidence required to establish probable cause is considerably less than that required to sustain a criminal conviction") (quoting *Purvis v. Oest*, 614 F.3d 713, 723 (7th Cir. 2010)).   A plaintiff must allege facts indicating he was arrested without probable cause—"he must give some information about the circumstances of the arrest suggesting that he was arrested without probable cause . . . [m]erely asserting that he did not commit the offense and/or that a jury found him not guilty does not speak to the issue [of] whether the arresting officers had probable cause to arrest him."  *Caldwell v. Reitz*, 2022 WL 7054837, at *1 (C.D. Ill. Oct. 12, 2022) (citations omitted); *see also Lynch v. U.S.*, 2022 WL 815190, at *4 (N.D. Ill. March 17, 2022) (noting that judicial determination of probable cause is prima facie evidence of probable cause in subsequent suit for malicious prosecution and fact that jury subsequently found plaintiff not guilty does not undermine the conclusion that probable cause existed for arrest); *Stratakos v. Nassau Cty.*, 2019 WL 6699817, at *14 (E.D. N.Y. Dec. 9, 2019) ("The Plaintiff's reliance on his ultimate finding of not guilty also fails to suffice, because that finding occurred after the initiation of prosecution."); *Grier v. City of Mount Vernon*, 2019 WL 1171760, at *4 (S.D. N.Y. March 13, 2019) ("Whether the plaintiff was eventually found not guilty by a jury is irrelevant to the probable cause determination at the time of arrest.").

Plaintiff makes bald allegations that the arrest warrant and trial were based on false testimony, without setting forth what statements he claims were false.  The application for the

arrest warrant sets forth statements made by the victim's mother and aunt, as well as statements made by the victim during the victim's interview.  "Only where there is reason to doubt a putative victim's veracity will his or her allegations not suffice to establish probable cause." *Borges v. City of New York*, 621 F. Supp. 3d 362. 368 (E.D. N.Y. 2022) (finding that while allegations regarding victim's veracity would be presented to a jury to argue that plaintiff is not guilty beyond a reasonable doubt, they do not establish that purported victim's veracity was so in doubt that detective lacked probable cause to arrest plaintiff); *see also Bowling v. U.S.*, 2009 WL 723226, at *7 (D. Kan. 2009) (citations omitted) ("Probable cause to arrest exists where an officer's information is derived from a putative victim of a crime " 'who it seems reasonable to believe is telling the truth.' ").

Plaintiff has pointed to no discrepancies in the witnesses' or victim's statements.  The Tenth Circuit in *Shed* held that discrepancies in the victim's statements "did not undermine the solid core of [her] statements regarding what was actually done to her for [the] purpose of determining probable cause for issuance of [an arrest] warrant." *Shed*, 729 F. App'x at 657.   The Tenth Circuit stated that:

> In *Easton v. City of Boulder*, 776 F.2d 1441, 1450 (10th Cir. 1985), we examined whether discrepancies in the statements of two young boys regarding an alleged sexual assault was enough to vitiate probable cause, and concluded that "[t]he existence of inconsistencies in their statements" did not vitiate probable cause because they did not "undermine the solid core of the children's statements regarding the . . . assault." After all, "[t]he standard of probable cause does not require indubitable or necessarily convincing evidence, but only so much reasonably trustworthy information as to warrant a prudent man in believing that the arrestee has committed . . . an offense." *Id*. (brackets and internal quotation marks omitted).

*Id*.

Any amended complaint submitted by Plaintiff should clarify his basis for alleging a lack of probable cause. He should specify what statements or testimony he believes was false and who made the statements.

### C. Defendants

#### 1. Judicial Misconduct

Plaintiff alleges "judicial misconduct" without indicating a basis for this claim. Plaintiff has not named a judge as a defendant, and even if he had, judges enjoy judicial immunity. A state judge is absolutely immune from § 1983 liability except when the judge acts "in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority . . . ."); *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994). Only actions taken outside a judge's judicial capacity will deprive the judge of judicial immunity. *Stump*, 435 U.S. at 356–57. Plaintiff alleges no facts whatsoever to suggest that any state court judge acted outside of his or her judicial capacity.

#### 2. Prosecutors

Plaintiff names as defendants the prosecutors from his state criminal case. The Supreme Court has held that prosecutors enjoy absolute immunity "for their conduct in 'initiating a prosecution and in presenting the State's case,' insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.' " *Neighbors v. Lawrence Police Dep't.*, 2016 WL 3685355, at *9 (D. Kan. July 12, 2016) (citing *Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430, 431 (1976)). "This prosecutorial immunity is limited, however, to actions that 'involve the prosecutor's role as advocate . . . rather than his [or

her] role as administrator or investigative officer . . ..' " *Id.* (quoting *Imbler*, 424 U.S. at 491 (citation and internal quotation marks omitted)).

In *Neighbors*, the plaintiff alleged that the prosecutor violated his due process rights by forcing him to trial without probable cause or any evidence on the record to show any crime had been committed. *Id.* at *10. This Court held that the prosecutor's filing and prosecution of the charges "are advocacy functions subject to absolute prosecutorial immunity." *Id.* (citations omitted). The Court found that:

> And, even if City Prosecutor Lehwald prosecuted plaintiff "without probable cause" or without "any evidence" of a crime, he still enjoys prosecutorial immunity because his acts are advocacy functions on behalf of the City of Lawrence. *See Imbler*, 424 U.S. at 413, 421–22, 431 (explaining that allegations of malice or an absence of probable cause are insufficient to overcome absolute prosecutorial immunity and holding that a prosecutor was entitled to absolute immunity from claims that he knowingly used false testimony and suppressed material evidence at trial); *see also Robinson v. Volkswagenwerk AG*, 940 F.2d 1369, 1372 n.4 (10th Cir. 1991) (explaining that "[w]hether the claim involves withholding evidence, failing to correct a misconception or instructing a witness to testify evasively, absolute immunity from civil damages is the rule for prosecutors"), *cert. denied*, 502 U.S. 1091 (1992). Because City Prosecutor Lehwald has absolute prosecutorial immunity, the court dismisses him from this action.

*Id.*

Plaintiff should clarify his claims against the prosecutors and state the nature of the function they were performing when the alleged constitutional violations occurred. *See Bledsoe v. Vanderbilt*, 934 F.3d 1112, 1117 (10th Cir. 2019) (finding that absolute immunity does not protect the act of "fabricating evidence during the preliminary investigation of a crime" because prosecutors are not acting as advocates during that stage) (citations omitted)). The function of the prosecutors will determine the immunity that applies. "[S]ince a detective who fabricates evidence during the preliminary investigation of a crime 'is entitled to qualified immunity,'

prosecutors who do the same are likewise 'protected only by qualified immunity.'"   *Id*. at 1117–
18 (citation omitted).

### 3.  Municipal Liability

Plaintiff names the Unified Government of Kansas City, Kansas, Fugitive Task Force, as
a defendant.  "[A] local government may not be sued under § 1983 for an injury inflicted solely
by its employees or agents." *Wright v. City of Ponca City*, 2023 WL 5765848, at *7 (10th Cir.
Sept. 7, 2023) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *see also id*. at
691 ("[A] municipality cannot be held liable under § 1983 on a respondeat superior theory.")).
Instead, "the government as an entity" can only be held liable "when execution of a
government's policy or custom, whether made by its lawmakers or by those whose edicts or acts
may fairly be said to represent official policy, inflicts the injury." *Id*. (quoting *Monell*, 436 U.S.
at 694).  To establish municipal liability a plaintiff must demonstrate the existence of a
"municipal policy or custom."  *Id*. (quoting *Bryson v. City of Okla. City*, 627 F.3d 784, 788 (10th
Cir. 2010)).  Then the "plaintiff must demonstrate 'a direct causal link between the policy or
custom and the injury alleged.'" *Id*. at n.9 (citing  *Waller v. City & Cnty. of Denver*, 932 F.3d
1277, 1284 (10th Cir. 2019) (quoting *Bryson*, 627 F.3d at 788)).  Plaintiff has failed to allege a
requisite custom or policy or to name a policymaker.

"[T]he Supreme Court has held that in 'limited circumstances,' a failure to train can be
the basis for liability under § 1983." *Horocofsky*, 2022 WL 1421554, at *29 (citing *City of
Canton v. Harris*, 489 U.S. 378, 387 (1989)).  Only when a municipality's failure to train
employees evidences a " 'deliberate indifference' to the rights of inhabitants" can a failure to
train be considered "a city 'policy or custom' that is actionable under § 1983." *Id*.  (quoting
*Canton*, 489 U.S. at 389).  To show deliberate indifference, a plaintiff must show that the

municipality had "actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional violation," and a conscious or deliberate choice to disregard the harm. *Id.* (citation omitted).

Plaintiff's Complaint fails to allege the existence of any custom or policy adopted by a municipal policymaker, or any facts supporting an inference that one exists. This is a requirement for asserting a § 1983 claim against a municipality, and without such allegations, Plaintiff fails to state a claim for relief against the Unified Government of Kansas City, Kansas, Fugitive Task Force.

### 4. Witnesses

Plaintiff names Bonnie Brightwell, Marrissa Sterling-Fagan, and Jannessa Sterling, as defendants. Brightwell conducted the victim's interview, and the other two witnesses gave statements to the investigator for use in the application for the arrest warrant. It is unclear whether any of these defendants testified in Plaintiff's state court criminal case. "A witness sued under § 1983 enjoys absolute immunity from any claim based on his testimony . . . [and] this applies to trial witnesses . . . grand jury witnesses . . . and those who testify at criminal preliminary hearings." *Cunningham v. Hoff*, 2017 WL 2311210, at *6 (D. Colo. May 26, 2017) (citing *Briscoe v. LaHue*, 460 U.S. 325, 326 (1983), *Rehberg v. Paulk*, 566 U.S. 356, 369 (2012), and *Handy v. City of Sheridan*, 636 F. App'x 728, 742 (10th Cir. 2016) (unpublished)). "This immunity exists because a witness' fear of retaliatory litigation may influence their testimony and because other sanctions for false testimony, chiefly prosecution for perjury, provide a sufficient deterrent." *Id.* (citing *Rehberg*, 566 U.S. at 367).

### D. Conclusory Allegations

Although Plaintiff attaches the docket for his state criminal case and Detective Szewc's

"Affidavit for Application for Warrant," he does not indicate why he believes the statements are false or why he believes probable cause was lacking. (Doc. 1–1, at 1–13.)  Plaintiff must provide adequate notice to the defendants of the nature of the claims against them.  A complaint fails to provide adequate notice when the pleading "fails to isolate the allegedly unconstitutional acts of each defendant . . .."  *Neighbors*, 2016 WL 3685355, at *8 (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)).

"To recover damages from each of [multiple] Defendants under § 1983, [Plaintiff] had to show that such Defendant personally participated in the alleged constitutional violation." *Shrum*, 60 F.4th at 1312 (quoting *Vasquez v. Davis*, 882 F. 3d 1270, 1275 (10th Cir. 2018)).  The Tenth Circuit has held that:

> Specificity is particularly important in a complaint alleging malicious prosecution. A complaint could draw many actors into a malicious prosecution claim, but while "a wrongful arrest could be the first step towards a malicious prosecution[,]" "the chain of causation is broken by an indictment, absent an allegation of pressure or influence exerted by the police officers, or knowing misstatements made by the officers to the prosecutor." *Reed v. City of Chicago*, 77 F.3d 1049, 1053 (7th Cir. 1996); *Taylor v. Meacham*, 82 F.3d 1556, 1564 (10th Cir. 1996) (adopting the Seventh Circuit's logic).

*Id*. Plaintiff's Complaint fails to "connect the defendants to their allegedly unlawful conduct, and therefore fails to provide fair notice for the basis of the claims against each defendant." *Id*. at 1313 (citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)).

"A plaintiff presenting a claim of malicious prosecution must supply more than conclusory allegations." *Horocofsky*, 2022 WL 1421554, at *23 (citing *Erikson v. Pawnee Cty, Bd. of Cnty. Comm'rs*, 263 F.3d 1151, 1154–55 (10th Cir. 2001) (dismissing malicious prosecution claim based on conclusory allegations of an absence of probable cause)).  The Court will grant Plaintiff an opportunity to file an amended complaint to clarify his claims, to add

factual support for those claims, to name proper defendants, and to set forth the allegedly unconstitutional acts of each defendant.

## IV.  Motion for Appointment of Counsel

Plaintiff filed a Motion for Appointment of Counsel (Doc. 7). Plaintiff sets forth his unsuccessful attempts to obtain counsel and argues that he is in custody and unable to work.[2] (Doc. 7, at 2–4.)

The Court has considered Plaintiff's motion for appointment of counsel.  There is no constitutional right to appointment of counsel in a civil case.  *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995).  The decision whether to appoint counsel in a civil matter lies in the discretion of the district court.  *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).  "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."  *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)).  It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case."  *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims."  *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979).  The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3)

---

[2] The Court notes that Plaintiff has now been released from custody.

Plaintiff appears capable of adequately presenting facts and arguments.  The Court denies the motion without prejudice to refiling the motion if Plaintiff's Complaint survives screening.

## V.  Response and/or Amended Complaint Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein.  Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.[3] Plaintiff is given time to file a complete and proper amended complaint in which he (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Appointment of Counsel (Doc. 7) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **April 26, 2024,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

---

[3] To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint.  *See* Fed. R. Civ. P. 15.  An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it.  Therefore, any claims or allegations not included in the amended complaint are no longer before the court.  It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint.  Plaintiff must write the number of this case (24-3009-JWL) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a).  Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances.  Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **April 26, 2024**, in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

The Clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated March 29, 2024, in Kansas City, Kansas.**

<u>**S/ John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**