IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KODI LEE TAYLOR,

    **Plaintiff,**

    v.                                                                                                    CASE NO. 24-3009-JWL

LILY SZEWC, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. At the time of filing, Plaintiff was in custody at the Wyandotte County Detention Center in Kansas City, Kansas. Plaintiff has since been released from custody. (Doc. 8.) The Court granted Plaintiff leave to proceed in forma pauperis. On March 29, 2024, the Court entered a Memorandum and Order to Show Cause (Doc. 9) ("MOSC") granting Plaintiff until April 26, 2024, in which to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC or to file an amended complaint to cure the deficiencies. Plaintiff has failed to respond by the Court's deadline.

Plaintiff's factual allegations are set forth in detail in the Court's MOSC. Plaintiff alleges malicious prosecution, violations of equal protection and due process, false imprisonment, judicial misconduct, and illegal search and seizure. The Court found in the MOSC that Plaintiff makes bald conclusions that: charges were filed without probable cause; a request for a bond reduction was denied without good cause; a preliminary hearing was based on perjured testimony; Detective Szewc fabricated her affidavit for a warrant application; Marrissa Sterling-Fagan maliciously gave false testimony at trial and over the phone with Detective Szewc; and

1

Plaintiff was illegally seized and arrested without probable cause. Plaintiff provides no factual support for these allegations. The Court found that because Plaintiff acknowledges that he was arrested pursuant to an arrest warrant, albeit one that he claims lacked probable cause, he does not have a claim for false imprisonment.

Plaintiff also asserts a Fourth Amendment claim under § 1983 for malicious prosecution. Regarding Plaintiff's malicious prosecution claim, the Court found that although Plaintiff's not guilty verdict is sufficient to show that the action terminated in his favor, it is not sufficient to show a lack of probable cause. *See Windle v. Indiana*, 2019 WL 6724605, at n.4 (S.D. Ind. Dec. 10, 2019) (noting that not guilty verdict by jury is not dispositive of the false arrest civil claim as "the evidence required to establish probable cause is considerably less than that required to sustain a criminal conviction") (quoting *Purvis v. Oest*, 614 F.3d 713, 723 (7th Cir. 2010)). A plaintiff must allege facts indicating he was arrested without probable cause—"he must give some information about the circumstances of the arrest suggesting that he was arrested without probable cause . . . [m]erely asserting that he did not commit the offense and/or that a jury found him not guilty does not speak to the issue [of] whether the arresting officers had probable cause to arrest him." *Caldwell v. Reitz*, 2022 WL 7054837, at *1 (C.D. Ill. Oct. 12, 2022) (citations omitted); *see also Lynch v. U.S.*, 2022 WL 815190, at *4 (N.D. Ill. March 17, 2022) (noting that judicial determination of probable cause is prima facie evidence of probable cause in subsequent suit for malicious prosecution and fact that jury subsequently found plaintiff not guilty does not undermine the conclusion that probable cause existed for arrest); *Stratakos v. Nassau Cty.*, 2019 WL 6699817, at *14 (E.D. N.Y. Dec. 9, 2019) ("The Plaintiff's reliance on his ultimate finding of not guilty also fails to suffice, because that finding occurred after the initiation of prosecution."); *Grier v. City of Mount Vernon*, 2019 WL 1171760, at *4 (S.D. N.Y. March 13,

2019) ("Whether the plaintiff was eventually found not guilty by a jury is irrelevant to the probable cause determination at the time of arrest.").

Plaintiff makes bald allegations that the arrest warrant and trial were based on false testimony, without setting forth what statements he claims were false.  Plaintiff gives no details of what the alleged perjured testimony consisted of or who allegedly gave the testimony at the preliminary hearing.  The Court stated in the MOSC that any amended complaint submitted by Plaintiff should clarify his basis for alleging a lack of probable cause. He should specify what statements or testimony he believes was false and who made the statements.

The Court also found that:   Plaintiff alleges "judicial misconduct" without indicating a basis for this claim; Plaintiff should clarify his claims against the prosecutors and state the nature of the function they were performing when the alleged constitutional violations occurred; Plaintiff names the Unified Government of Kansas City, Kansas, Fugitive Task Force, as a defendant but fails to allege the existence of any custom or policy adopted by a municipal policymaker, or any facts supporting an inference that one exists; witnesses enjoy absolute immunity for any claim based on their testimony; and Plaintiff's Complaint fails to connect the defendants to their allegedly unlawful conduct, and therefore fails to provide fair notice for the basis of the claims against each defendant.

The Court granted Plaintiff an opportunity to file an amended complaint to clarify his claims, to add factual support for those claims, to name proper defendants, and to set forth the allegedly unconstitutional acts of each defendant.  The MOSC provides that "[i]f Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice for failure to state a claim."  (Doc. 9, at 18.)  Plaintiff has failed

to respond by the Court's deadline and has failed to show good cause why his Complaint should not be dismissed for the reasons set forth in the Court's MOSC.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated April 30, 2024, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**
